IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LARRY D. KEEPER                                              PETITIONER
Fed. Reg. #27706-044

V.                          NO.  2:08cv00007 SWW-JWC

T.C. OUTLAW, Warden,                                        RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before
the District Judge in the form of an offer of proof, and a copy, or the original,
of any documentary or other non-testimonial evidence desired to be
introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Larry D. Keeper, an inmate in the Federal Correctional Institution in Forrest City,

Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2).  For the

reasons that follow, the petition should be **denied**.

I.

The procedural history is lengthy, but undisputed and relevant to the issues.

On May 4, 1995, an indictment was filed in the 21st Judicial Circuit Court of St.

Louis County, Missouri, charging Petitioner with second degree drug trafficking, a Class

A felony (doc. 2, at 55, 62-63).[1]  On December 11, 1995, Petitioner pleaded guilty in the

St. Louis County circuit court to a reduced charge of possession of a controlled substance,

a Class C felony (*id.* at 55-56, 65).  On the date set for sentencing, February 9, 1996, the

---

[1]He was also charged with a separate misdemeanor possession offense (marijuana), which
was later nolle prossed (doc. 2, at 57, 62-63).

circuit court entered an order, stating that it was refusing to follow the state's recommendation and was allowing Petitioner to withdraw his guilty plea (*id.* at 57, 67). On May 28, 1996, Petitioner entered a guilty plea to an amended charge of possessing a controlled substance (cocaine) with intent to distribute, a Class B felony (*id.* at 57, 69). Judgment was entered the same day, and he was sentenced to five years of imprisonment (*id.* at 57, 71-72). His sentence was, however, subject to the provisions of Mo. Rev. Stat. § 559.115, which permitted the trial court to grant release on probation to a defendant within 120 days of incarceration. On October 10, 1996, the circuit court entered an order releasing Petitioner on probation (*id.* at 59), apparently for a five-year term to expire October 9, 2001 (*see id.* at 6; doc. 8-2, at 1).

On November 6, 2000 – before his state probation term expired – Petitioner entered a guilty plea in the United States District Court for the Eastern District of Missouri (St. Louis) to a federal charge of possessing five or more grams of cocaine base with intent to distribute. *United States v. Keeper*, No. 4:00-cr-00362-CEJ (E.D. Mo.) (# 44) (electronically accessed). He asserts that, as part of the plea agreement, he reserved his right to challenge at sentencing any factors related to his criminal history. On February 15, 2001, judgment was entered and he was sentenced to 188 months of imprisonment. *Id.* (#54). He says that, at sentencing, he orally objected that his sentence was being improperly enhanced as a career offender based on the St. Louis County conviction and his objection was overruled. He says he advised his counsel that he wanted to appeal the issue, but counsel failed to file a timely notice of appeal. (*See* doc. 2, at 2-3.)

In April 2001, a probation revocation request was filed in the St. Louis County circuit court case, Petitioner's state probation was suspended, and a warrant was issued for his

arrest (*id.* at 60; doc. 8-2, at 3).  On April 18, 2001, the St. Louis County Police Department forwarded a certified copy of the warrant to FCI-Forrest City, where Petitioner was serving his federal sentence, requesting that the warrant be filed as a detainer (doc. 8-2, at 2).

On October 31, 2001, Petitioner filed in the Missouri federal district court a 28 U.S.C. § 2255 motion to vacate, set aside or correct his federal sentence, asserting, *inter alia*, that his 1996 conviction should not have been counted in determining his career offender status because he never withdrew his guilty plea to the simple possession charge and should not have been convicted and sentenced for the more serious offense of distribution.  *Keeper v. United States*, No. 4:01-CV-1726 (E.D. Mo.) (#1) (electronically accessed) (*see* doc. 2, at 52).  On January 13, 2004, the Missouri district court denied his § 2255 motion, advising him that he could not collaterally attack his prior state conviction on this basis in a § 2255 motion.  *Id.* (#14) (doc. 2, at 43-53).  The Eighth Circuit Court of Appeals dismissed his appeal, and the United States Supreme Court denied his petition for writ of certiorari.  *Id.* (#16-#25).  *See also Keeper v. United States*, No. 05-2790 (8th Cir. Dec. 14, 2005) (denying permission to file successive § 2255).

Petitioner then returned to the Missouri state courts, filing in the St. Louis County circuit court, on May 11, 2005, a motion to withdraw his May 1996 guilty plea pursuant to Mo. R. Crim. P. 29.07(d) as an unintelligent, involuntary, and unconstitutional admission of guilt (doc. 2, at 60; doc. 10-3, at 1-38).  On May 31, 2005, the state circuit court denied his motion (doc. 2, at 60; doc. 10-3, at 39).  Petitioner appealed, and the state court of appeals affirmed in an unpublished opinion on November 28, 2006.  *State v. Keeper*, 207 S.W.3d 214 (Mo. Ct. App. 2006) (stating that "no jurisprudential purpose would be served

by a written opinion reciting the detailed facts and restating the principles of law"). Petitioner says the Missouri Supreme Court denied his petition for a writ of review.

Back in federal court, Petitioner filed in the Missouri district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 20, 2007, raising essentially the same challenges to the St. Louis County conviction and detainer that he raises here. *Keeper v. Outlaw*, No. 4:07-cv-01954-ERW (E.D. Mo.) (#1) (electronically accessed). On December 20, 2007, the Missouri district court dismissed the petition, finding that it had no jurisdiction to grant a habeas writ because Petitioner's custodian was located within the Eastern District of Arkansas. *Id.* (#3-#4). No appeal was taken.

On January 24, 2008, Petitioner filed his current § 2241 petition in this Court (doc. 2), alleging that he is being unconstitutionally imprisoned as a direct result of an unconstitutional state conviction and related detainer affecting his current term of imprisonment, which constitutes an illegal restraint within the meaning of the federal habeas statutes.   He alleges that his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Missouri state law, were violated in connection with the prior Missouri state conviction because: his original December 1995 plea to "simple possession" was withdrawn outside his presence and without his knowledge or consent (*id.* at 11-19); the State of Missouri breached its original plea agreement with him by offering and entering into a second plea agreement to a more serious charge, and his attorney failed to object or move for specific performance of the original agreement (*id.* at 19-24); his second guilty plea, in May 1996, was entered unintelligently and involuntarily, based solely on the unreasonable and incompetent advice of counsel (*id.* at 24-31); and

he is actually innocent of the distribution violation for which he entered the May 1996 guilty plea (*id.* at 31-36).

In later pleadings (docs. 9, 11-2), Petitioner emphasizes that he is not challenging his current federal sentence, only the constitutionality of his Missouri state conviction, which was used to enhance his federal sentence, and the related detainer lodged against him by Missouri authorities, which affects his classification and prevents his transfer to a lower custody institution (*see* doc. 2, at 9).  He also says he is scheduled to begin serving the five-year state sentence at the expiration of his federal term (doc. 9, at 4-5; doc. 11-2, at 7).

Respondent argues (docs. 8, 10) that: (1) any claims attacking the enhanced federal sentence must be brought in a § 2255 motion in the Missouri federal district court which convicted and sentenced him; and (2) Petitioner's claims challenging the Missouri detainer, conviction and sentence are procedurally defaulted because he failed to first properly and timely raise them in the Missouri state courts.

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose, or where the challenged predicate state conviction or detainer arose.

As both parties agree, issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255(a) (a federal prisoner "may move the court which imposed

the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the validity of the federal conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).  Accordingly, any claims challenging the validity of Petitioner's federal conviction or his sentence, as enhanced due to his career offender status, should have been directed to the Missouri district court which convicted and sentenced him or to the appropriate Court of Appeals (in his case, the Eighth Circuit).

As stated, Petitioner filed a § 2255 motion in the federal sentencing court, including claims similar to those raised here; however, his motion was denied, and his efforts to appeal were unsuccessful.  Furthermore, as held by the § 2255 court (doc. 2, at 52), the types of claims Petitioner raises are not cognizable in a § 2255 motion.  *See Daniels v. United States*, 532 U.S. 374, 380-82 (2001) (§ 2255 motion is not appropriate vehicle for determining whether conviction later used to enhance federal sentence was unconstitutionally obtained, unless motion alleges that prior conviction was obtained in violation of the right to counsel).[2]

Therefore, as Petitioner requests, this Court will not construe his § 2241 petition as a challenge to his federal conviction or sentence.  Thus, the relevant inquiry is whether a § 2241 petition, filed by a federal prisoner in the district of incarceration, is the appropriate

---

[2]*Daniels* suggested that collateral relief through a § 2255 motion might be available in those "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."  *Id.* at 383-84.  Moreover, if Petitioner were able to successfully challenge the Missouri state conviction in an appropriate forum, a § 2255 motion might be available to attack the current federal sentence as improperly enhanced by an invalidated prior conviction.  *Johnson v. United States*, 544 U.S. 295, 303-04 (2005).

vehicle to challenge a state conviction which arose in another state and for which he is not presently serving a sentence.

Where a state has placed a detainer with federal authorities to ensure that at the conclusion of a prisoner's federal sentence, he will be returned to state authorities to begin serving a state sentence, the prisoner is "in custody" for the purpose of mounting a federal habeas attack on the state conviction upon which the detainer rests. *Maleng v. Cook*, 490 U.S. 488, 493 (1989); *Thompson v. Missouri Board of Parole*, 929 F.2d 396, 398 (8th Cir. 1991); *see Fex v. Michigan*, 507 U.S. 43, 44 (1993) (a detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent").

According to the record, Petitioner was sentenced to five years of imprisonment for his Missouri state conviction in May 1996.  He served part of that sentence in state prison before being released on probation.  Before his probation term expired, he was convicted of a federal offense and his state probation was suspended.  He began serving a 188-month federal sentence in federal prison.  In April 2001, the police department in St. Louis County, Missouri, forwarded to FCI-Forrest City a warrant for Petitioner's arrest due to violation of his state probation, asking that the warrant be filed as a detainer.  Petitioner asserts that he will begin serving his Missouri state sentence at the expiration of his current federal sentence.  Based on this undisputed record, Petitioner is presently considered "in custody" for purposes of using the federal habeas statutes to challenge the Missouri state conviction underlying his unexpired and yet-to-be-served state sentence.

The next inquiry is where that habeas petition should be filed.  When a federal inmate incarcerated in one state is challenging a detainer lodged by another state, the federal district court in the district of confinement has jurisdiction to consider the inmate's § 2241 habeas claims regarding the detainer, as does the federal district court in the district where the state detainer originated.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 499 & n.15 (1973); *Parette v. Lockhart*, 927 F.2d 366, 366 (8th Cir. 1991).  Therefore, this Court (in the district of incarceration) and the United States District Court for the Eastern District of Missouri (the district where the challenged detainer arose) have concurrent jurisdiction over this § 2241 petition.

Although Petitioner filed a § 2241 petition in the Missouri district court, it was dismissed for lack of jurisdiction over Petitioner's custodian in Arkansas – the only named respondent.  When a habeas petitioner is challenging a state-court judgment that will subject him to custody in the future, he should name as respondents both his current custodian and the attorney general of the state where the challenged judgment was entered.  Rules 1(a)(2) & 2(b), Rules Governing § 2254 Cases in United States District Courts.  *See also Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004); *Braden*, 410 U.S. at 494-95.  Petitioner did not appeal the Missouri district court's decision, nor did he attempt to add a Missouri respondent.  Instead, he initiated the instant § 2241 proceeding.

Petitioner asks that the current proceeding be transferred back to the Missouri district court, which this Court has authority to do and to which Respondent has no objection.  *See Braden*, 410 U.S. at 499 n.15 ("Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum."); *Parette*, 927 F.2d at 366 n.2

9

(Arkansas district court in district of confinement can transfer habeas petition challenging Louisiana detainer to Louisiana district court on *forum non conveniens* grounds); 28 U.S.C. §§ 1404(a), 1406(a) (district court may transfer civil action if "interest of justice" would be served). However, the interests of justice would not be served by returning this § 2241 to the Missouri district court because, as explained below, his claims cannot entitle him to federal habeas relief.

Before seeking federal habeas review of a state court conviction, a prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). This includes challenges to a detainer and its underlying state conviction. *Whatley v. Morrison*, 947 F.2d 869, 870 (8th Cir. 1991); *Parette*, 927 F.2d at 366-67. Where a state court has declined to review a particular claim due to the petitioner's failure to follow applicable state procedural rules in presenting it, the claim is procedurally defaulted. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir.), *cert. denied*, 549 U.S. 1059 (2006). A federal habeas court can consider a defaulted claim only where the petitioner can establish cause for the default and actual prejudice, or that failure to review will result in a fundamental miscarriage of justice. *Id.; see Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As stated, Petitioner filed a Rule 29.07(d) motion to withdraw his May 1996 guilty plea in state court in May 2005, more than nine years after its entry. The state circuit court denied his motion, stating that he "knew or should have known in mid-to-late 1996 after

10

judgment was entered" of the issues he was raising, that he "did not exercise his right to timely appeal the judgment of May 28, 1996, or seek post-conviction relief therefrom," and that nothing in the file indicated the May 28, 1996, plea was unknowing, unintelligent or involuntary (doc. 10-3, at 39).  The decision was affirmed on appeal.

Under Missouri law at the applicable time, a person convicted on a guilty plea generally was required to bring any related post-conviction claims within ninety days of the appellate court mandate affirming the conviction or sentence or, if no appeal was filed, within ninety days of the defendant's delivery to the custody of the department of corrections.  Mo. R. Crim. P. 24.035 (2008 & historical notes); *see Brown v. State*, 66 S.W.3d 721, 724-31 (Mo. 2002) (explaining Missouri's post-conviction procedures following guilty plea); *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (untimely filing of Rule 24.035 motion constitutes procedural bar under Missouri law).  A post-conviction petition was subject to these time limitations even if the prisoner sought relief, as Petitioner did, through a motion to withdraw a guilty plea under Rule 29.07(d).  *Brown*, 66 S.W.3d at 723 (Rule 29.07(d) "cannot be used to circumvent the time limitations set out in Rule 24.035(b)").

Rather than appealing or otherwise challenging in a timely manner the December 1995 guilty plea and sentence, the February 1996 plea withdrawal, the May 1996 guilty plea and sentence, or the April 2001 probation revocation, Petitioner waited until May 2005 to initiate proceedings in state court regarding events that had occurred as much as ten years earlier.  His plea statement, signed by him personally and by his counsel on May 28, 1996, clearly identifies the offense to which he was pleading guilty as "possession of controlled substance/cocaine w/intent to distribute cocaine" (doc. 2, at 69).  The judgment

11

and sentence, entered of record the same day and signed by Petitioner's counsel, clearly reflect the same offense (*id.* at 71-72), as does the public docket sheet from the state circuit court (*id.* at 57, 59). Nothing suggests that he was ever prevented from obtaining or reviewing these records, which conclusively show the offense of conviction.[3] Even if, as Petitioner alleges, he did not know he had been convicted of more than "simple possession" until his federal sentencing in February 2001 (*id.* at 7), he still waited more than four years before asking the state courts for relief from the disputed conviction.

The Missouri state courts' rulings regarding Petitioner's untimely post-conviction motion were in accordance with Missouri procedures, and he makes no argument that those procedures are not firmly established and regularly followed by the state courts. Instead, he contends that his state court proceeding cannot govern the result in a federal habeas action because they "serve ... complete different function[s]" (doc. 11-2, at 9-10). To the contrary, the law is clear: "Out of respect for the finality of state-court judgments, federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted." *House v. Bell*, 547 U.S. 518, 522 (2006). Petitioner defaulted his state-court challenge to the Missouri guilty plea and resulting conviction by failing to comply with the applicable state rules for presenting it in a timely manner; therefore, no federal habeas court can review his claims unless he establishes some basis for overcoming the procedural default.

---

[3] In fact, Petitioner admits that, at the time of entry of the May 1996 plea, he "noticed a slight change in the language" of the charge, asked his attorney about it, and was assured that it was a "mere technical error" (doc. 2, at 6; doc. 10-3, at 20).

Petitioner does not attempt to meet the cause-prejudice requirement,[4] instead contending that failure to review his claims would result in a fundamental miscarriage of justice due to his actual innocence (doc. 11-2, at 10).   In support he asserts that the state court lacked jurisdiction to accept his May 1996 guilty plea due to the involuntary withdrawal of his first guilty plea.   He also asserts that his girlfriend was the sole lease-holder for the residence, that she informed officers Petitioner did not live at the residence and was only visiting at the time law enforcement entered the premises, that officers reported that Petitioner had no unlawful controlled substances on his person when arrested and searched, and that the girlfriend admitted to sole possession of the controlled substances retrieved from her purse and residence and voluntarily submitted a signed statement claiming responsibility for the substances.   Petitioner says the only reason he decided to plead guilty was due to law enforcement's allegations that the drugs were found in "plain view," which "may have supported a conclusion that [he] possibly had knowledge and access to the controlled substances," and because counsel advised him that such circumstances might constitute constructive possession of drugs.   He says that, even if the state attempted to prove the drugs were packaged in distribution quantities, nothing linked him to any distribution activities (doc. 2, at 30-36).

---

[4]In state court, Petitioner argued that cause existed for his default due to the ineffective assistance of counsel during his guilty plea proceedings, at sentencing and on appeal (doc. 10-3, at 11-12).  Any such errors would not explain why he failed to pursue timely *post-conviction* relief in state court.  Furthermore, because the law is clear that there is no constitutional entitlement to counsel in state post-conviction proceedings, the absence or alleged ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. *Coleman*, 501 U.S. at 752, 757; *Simpson v. Norris*, 490 F.3d 1029, 1033-34 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 1226 (2008).

To pass through the actual innocence "gateway" and gain federal habeas review of otherwise procedurally defaulted claims, a petitioner's case must be "truly extraordinary." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  To fit within this demanding exception, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538; *Schlup,* 513 U.S. at 324, 329.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 316.

For purposes of the actual-innocence exception, evidence is "new" only if it "was not available at trial and could not have been discovered earlier through the exercise of due diligence."  *Osborne v. Purkett*, 411 F.3d 911, 919-20 (8th Cir. 2005) (no "new" evidence where affidavit was based on information existing at time of trial, which could have been discovered earlier if pursued with diligence); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004) (no actual-innocence showing with information that was available at trial, on direct appeal and throughout post-conviction proceedings); *Bannister v. Delo*, 100 F.3d 610, 618 (8th Cir. 1996) (affidavit is not new evidence if defendant was aware at trial of facts contained in affidavit, even if defendant was not aware of document itself).

None of Petitioner's evidence is "new" under this standard.

In summary, Petitioner defaulted his claims regarding the validity of the May 1996 conviction and sentence by failing to properly and timely raise them in the Missouri state

14

courts, and he has failed to demonstrate that the procedural default should be excused. Therefore, neither this Court – nor the Missouri district court – can review a federal habeas claim challenging the state conviction.

### III.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2) should be **denied**, thereby dismissing this case in its entirety without prejudice.[5]

DATED this 2nd day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5]It is recommended that the dismissal be without prejudice to Petitioner's right to challenge the validity of the detainer itself in the state courts of Missouri, if any such remedies exist, *see Whatley*, 947 F.2d at 870; or to file a § 2255 motion in the Missouri district court if he is able to invalidate the state conviction through other channels, *see supra note* 2.